UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEKSEY BERNFELD, on his behalf and on behalf of minor child, SIMONA BERNFELD, and MARIA BERNFELD, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 14-cv-5573 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| U.S. AIRWAYS INC., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Aleksey Bernfeld, Simona Bernfeld, and Maria Bernfeld ("plaintiffs") filed a six-count class action amended complaint against defendant U.S. Airways Inc. ("U.S. Airways"), alleging violations of the Montreal Convention and breach of contract for failure to compensate plaintiffs' alleged damages caused by delay and cancellation of a U.S. Airways flight from Philadelphia to Chicago. U.S. Airways filed an answer and affirmative defenses. Plaintiffs move to strike U.S. Airways' affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). For the reasons stated below, the motion is granted in part and denied in part.

**Background**

According to the complaint, plaintiffs were traveling from Tel Aviv, Israel to Chicago, connecting through Philadelphia. Their flight from Philadelphia to Chicago was delayed for several hours for aircraft maintenance. Plaintiffs ultimately arrived in Chicago ten hours later than scheduled. They subsequently submitted a claim and demand for compensation to U.S. Airways which was responded to and denied by its insurer. Thereafter, plaintiffs filed this

lawsuit. U.S. Airways filed an answer, including seventeen affirmative defenses. (Dkt. 23.) The affirmative defenses are as follows:

1. "Plaintiffs have failed to state a claim for which relief can be granted."

2. "Any and all damages sustained by the Plaintiff were the result of an intervening and/or superseding causes or a new or unanticipated events which were a proximate and/or producing cause and or the sole proximate cause of the Plaintiffs' alleged damages and, therefore, no act or omission on the part of this answering defendant was the proximate cause of the alleged damages."

3. "The alleged delay in air travel was unexpected unavoidable."

4. "This defendant took all reasonable measures to prevent the alleged delay."

5. "The plaintiffs may have failed to mitigate their damages."

6. "That the plaintiffs' damages, if any, were sustained as a result of the carelessness, negligence, and/or intentional acts of themselves and/or third parties not presently parties to this action who this answering defendant had no control."

7. "The plaintiffs' damages, if any, lack a causal relationship with any action or inaction of this defendant."

8. "Plaintiffs' damages, if any, were the result of unrelated, pre-existing, or subsequent conditions unrelated to defendant's conduct."

9. "Any and all state or federal tort claims are preempted by the Montreal Convention."

10. "To the extent that any of Plaintiffs' claims may not fall under the purview of the Montreal Convention, they may be preempted by the Airline Deregulation Act."

11. "The plaintiffs have failed to state a cognizable class required to certify this case as a class action as the purported class is not so numerous that joinder would be impracticable, questions of fact and/or law are not common among the purported class members, the claims of the proposed representative are not typical of the class, and the representative parties will not fairly and adequately represent the interests of the purported class."

12. "Purported class members may have waived their ability to recover damages, if any were due."

13. "The prosecution of separate causes of action by any purported class members would not create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for

the party opposing the class, or inconsistent or varying adjudications with respect to individual members of the class which would be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interest."

14. "This defendant has not acted or refused to act on grounds generally applicable to the purported class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

15. "Any questions of law or fact common to the purported class members do not predominate over any questions affecting only individual members."

16. "A class action adjudication is not superior to other available methods for the fair and efficient adjudication of the alleged controversy."

17. "This answering defendant reserves the right to add additional or amend these Affirmative Defense which arise during the course of litigation and/or discovery in this matter."

**Legal Standard**

Pursuant to Rule 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure and therefore they must set forth a "short and plain statement" of the material elements of the defense asserted and not merely bare recitations of the elements. *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006) (Castillo, J.). Affirmative defenses must also contain sufficient factual material that, when taken as true, state a defense that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1939, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). An affirmative defense is an admission of the facts alleged in the complaint, coupled with an assertion of some other reason that the defendant is not liable. *See, e.g., Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982) (Shadur, J.).

"Motions to strike are not favored and will not be granted unless it appears to a certainty

that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal citations omitted). Such motions will only be granted where they remove unnecessary clutter from the case or where the affirmative defense is insufficient on the face of the pleadings. *Heller Fin'l Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Even where a motion to strike is granted, leave to amend the pleadings is to be freely granted as justice requires. Fed.R.Civ.P. 15(a). Further, striking of an affirmative defense does not necessarily preclude the party from asserting or arguing its substantive merits later in the case. *Palomares et al v. Second Federal Savings & Loan Ass'n of Chicago*, No. 10-cv-6124, 2011 WL 2111978, *2 (N.D. Ill. May 25, 2011) (citing *Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co.*, 576 F. Supp. 985, 988 (N.D. Ill. 1983) (Shadur, J.)).

**Discussion**

Plaintiffs move to strike all seventeen of U.S. Airways' affirmative defenses on the grounds that they are insufficiently pled under Rule 8, immaterial or legally erroneous. U.S. Airways contends that its affirmative defenses provide sufficient detail to put plaintiffs on notice of each defense and that several of them raise questions of law with a factual basis identified in the body of the answer. In the alternative, U.S. Airways requests leave to amend. The parties agree and recognize that courts evaluate affirmative defenses subject to a motion strike with the following three-part test: "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge – in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient." *Sayad v. Dura*

*Pharms., Inc.*, 200 F.R.D. 419, 421 (N.D. Ill. 2001) (Gettleman, J.). The Court grants the motion to strike affirmative defenses 1 and 3 thru 17, with leave to amend affirmative defenses 5, 9, and 12, and denies the motion to strike affirmative defense 2.

*Affirmative Defense 1*

The Court finds affirmative defense 1 based on the complaint's failure to state a claim is insufficient to meet the Rule (8) standard and redundant of the denials in the answer. Some courts in this district have found that there is authority in the Federal Rules for failure to state a claim to be asserted as an affirmative defense. *See Reis Robotics USA, Inc.*, 462 F. Supp. 2d at 905. Technically, "failure to state a claim" does not meet the Rule 8(a) standard for pleading. However, in striking the first defense this Court is not shifting the burden of adequately pleading the complaint away from plaintiffs.

*Affirmative Defense 2*

Affirmative defense 2 asserts that plaintiffs may not recover because U.S. Airways was not the proximate or producing cause of plaintiffs' alleged damages due to an intervening or superseding cause or some other event. The Court finds that this is an affirmative defense as it raises a matter outside the scope of plaintiffs' prime facie case and it goes beyond the pure denials of liability found in U.S. Airways' answer. *See Bobbit*, 532 F. Supp. at 736. In this instance, where defendant has pled matter as an affirmative defense that could have been raised by denial, "there is no reason to penalize him [ ] by granting a motion to strike." *Id*. Affirmative defense 2 is adequately pled under Rule 8 and could withstand a Rule 12(b)(6) challenge in that it is possible for U.S. Airways to prove a set of facts in support of the affirmative defense that would defeat the complaint. *See Sayad*, 200 F.R.D. at 421. Accordingly, the Court declines to strike this defense.

5

*Affirmative Defenses 3, 4 and 10*

Each of these affirmative defenses is redundant of the denials in the answer (*see, e.g.*, Answer, Dkt. 23 ¶¶ 3, 8, 145), and defenses 3 and 4 do not present independent pleadings that rise to the level of an affirmative defense. These affirmative defenses will be stricken.

*Affirmative Defenses 5, 9 and 12*

These affirmative defenses assert that plaintiffs may not recover because they have failed to mitigate their damages (5), any and all state or federal tort claims are preempted by the Montreal Convention (9), and purported class members may have waived their ability to recover damages (12). These are affirmative defenses, however, they are bare bones recitals of defenses without adequate factual enhancement and therefore are inadequately pled under Rule 8 and unable to withstand a Rule 12(b)(6) challenge. With respect to affirmative defense 9, the Court notes that plaintiffs' claims that are not brought under the Montreal Convention appear to be pled as contract claims, so it seems that this defense may also be immaterial. In any event, the Court grants the motion to strike affirmative defenses 5, 9 and 12 with leave to replead.

*Affirmative Defenses 6, 7 and 8*

These affirmative defenses assert that plaintiffs are not entitled to recover due to one or more causation-related issues. Accordingly, each is redundant of the denials in the answer and affirmative defense 2 and will be stricken.

*Affirmative Defenses 11, 13, 14, 15, 16*

Each of these affirmative defenses raises a challenge to plaintiffs' ability to certify a class. However, each is unnecessary and redundant of the denials in the answer. (*See, e.g.*, Answer, Dkt. 23 ¶¶ 88, 90, 100-113.) Affirmative defenses 11 and 13 thru 16 will be stricken.

*Affirmative Defense 17*

This statement is not a defense; rather U.S. Airways merely asserts that it reserves its right to amend its answer during the course of litigation. The Court, of course, recognizes that under Rule 15(a) leave to amend the pleadings is to be freely granted as justice requires. This statement is unnecessary and will be stricken.

**Conclusion**

For the foregoing reasons, plaintiffs' motion to strike [28] is granted in part and denied in part. The Court grants the motion to strike affirmative defenses 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17, and allows leave to amend affirmative defenses 5, 9, and 12. The Court denies the motion to strike affirmative defense 2. U.S. Airways is allowed leave to file an amended answer within thirty days of entry of this order.


SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED:  May 21, 2015