UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEKSEY BERNFELD, personally and on behalf of minor child, SIMONA BERNFELD, and MARIA BERNFELD,<br><br>Plaintiffs,<br><br>v.<br><br>US AIRWAYS, INC.<br><br>Defendant. | Case No. 14-cv-5573<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Maria Bernfeld and Aleksey Bernfeld—acting on behalf of himself and his daughter Simona Bernfeld—brought this action against defendant US Airways based on travel delays that they experienced during the final leg of their airline trip from Israel to Chicago. The Bernfelds allege that US Airways is required to compensate them for that delay pursuant to the Montreal Convention, US Airways' Contract of Carriage with the Bernfelds, and the Israeli Aviation Services Law. US Airways now moves for summary judgment on the remaining claims. For the reasons set forth below, this motion [118] is granted.

**Background**

The following facts are undisputed. In October 2013, the Bernfelds were traveling from Tel Aviv, Israel to Chicago, Illinois. (Dkt. 120, ¶ 18). The first leg of their flight left Tel Aviv on October 20, 2013, and arrived in Philadelphia early in the morning on October 21, 2013. (*Id.* ¶ 19) The Bernfelds were to travel from Philadelphia to Chicago on US Airways Flight 531, which was scheduled to depart Philadelphia at 7:48 AM on October 21st. (*Id.* ¶ 20).

Flight 531 was assigned to US Airways aircraft 507, which was scheduled to arrive in Philadelphia that morning on a flight from Los Angeles. (*Id.* ¶ 22; Dkt. 121-1). During its approach

into Philadelphia aircraft 507 suffered a bird strike. (Dkt. 120, ¶ 23). As a result, the aircraft had to be removed from service so that mandatory safety inspections could occur. (*Id.*, ¶¶ 28, 30–33). The uncontroverted evidence shows that US Airways attempted to find a suitable aircraft to substitute for aircraft 507, but that none was available. (Dkt. 121-3, ¶¶ 40, 45). As a result, flight 531 was cancelled and the Bernfelds were rebooked on the next available flight to Chicago, which arrived ten hours later than originally scheduled. (Dkt. 120, ¶¶ 40, 42). The Bernfelds subsequently brought this suit asserting, as remains here, that US Airways violated Article 19 of the Montreal Convention (Count I), breached its Contract of Carriage with the Benfield's (Count II), and violated Israel's Aviation Services Law (Count III).

**Legal Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In determining whether a genuine issue of material fact exists, this Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, "[m]erely alleging a factual dispute cannot defeat the summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

**Discussion**

The Bernfelds claim that, by cancelling their flight and delaying their travel, US Airways breached Article 19 of the Montreal Convention. The Montreal Convention is an international

2

treaty that standardizes liability and damages for claims arising out of international air travel. Article 19 of the Montreal Convention, which governs damages resulting from delays, provides that:

> The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage, or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures.

Montreal Convention, 1999 WL 33292734, Art. 19.

In order to satisfy Article 19's requirement that all reasonable measures required to avoid the delay be taken, the defendant carrier must show that, on the whole, it took measures reasonably available and reasonably calculated to prevent the subject loss. *Giannopoulos v. Iberia Lineas Aereas de Espana, S.A., Operadora, Sociedad Unipersonal*, No. 11 C 775, 2012 WL 5499426, at *4 (N.D. Ill. Nov. 9, 2012) (Lefkow, J.) (quoting *Helge Mgmt., Inc. v. Delta Air Lines, Inc.*, No. Civ.A 11-10299-RBC, 2012 WL 2990728, at *3 (D. Mass. July 19, 2012)). "The failure to take any particular precaution that might have prevented the loss does not necessarily prevent the carrier from relying on this defense; not every possible precaution must be taken." *Id.* (quoting *Palma v. Am. Airlines, Inc.,* No. 09-23212-CIV, 2010 WL 5140592, at *5 (S.D. Fla. Dec. 9, 2010). Instead, the carrier need only show that it took all precautions that, in sum, were appropriate to the risk. *Id.*

Here, the Bernfelds do not controvert US Airways' assertion that the bird strike that took aircraft 507 out of service was unpredictable and unavoidable. Nor do they offer any evidence controverting US Airways' evidence that it attempted to substitute another aircraft but that no suitable aircraft were available and that the only remaining option was to rebook the Bernfelds on the next available flight. The Bernfelds offer no argument, let alone evidence, identifying any reasonable measure that US Airways could have taken, but failed to take, in order to avoid or minimize the delay in the Bernfelds' travel. Instead, the Bernfelds argue that a dispute of material fact regarding whether the delay was reasonably avoidable remains because US Airways purportedly

3

admitted that it had not promulgated any policies to avoid delays under the circumstances presented and that it did not maintain any procedures to mitigate or rectify the consequences of the cancellation of flight 531 upon its passengers. These assertions, supposedly based on the written deposition testimony of American Airlines Senior Claim Analyst Diana Gentile, are in fact directly contrary to Gentile's testimony. Gentile testified that it was US Airways' policy, in the event of a bird strike, to substitute another aircraft if a suitable one was available or to rebook the affected passengers onto other flights. She further testified that the procedures to be followed in the event of a cancelled or delayed flight were set forth in the Passenger Customer Service Plan and the Contract of Carriage. The undisputed evidence thus does not support the Bernfelds' allegation that US Airways did not have policies or procedures in place to avoid delays or to mitigate the harm to passengers. And, in any event, the absence of such policies or procedures would not establish whether or not all reasonable efforts had actually been made to avoid the delay. The uncontroverted evidence therefore demonstrates that US Airways took all reasonably available measures to avoid the delay now at issue. Accordingly, the Bernfelds have not met their burden of establishing that a disputed issue of material fact remains with regards to their Montreal Convention claim.

The Bernfelds also claim that US Airways breached its Contract of Carriage with them by failing to compensate them for their delay. However, Chapter 11 of the Contract of Carriage expressly states that "[f]or the purposes of international carriage governed by the Montreal Convention, the liability rules set out in the Montreal Convention are fully incorporated herein and shall supersede and prevail over any provisions of this tariff which may be inconsistent with those rules." (Dkt. 121-5). Because the Contract of Carriage incorporates the Montreal Convention, this Court's previous determination that the Bernfelds have not established a dispute of material fact as

4

to whether Article 19 of the Montreal Convention was violated applies to this claim as well.[1] Accordingly, the Bernfelds have not established a dispute of material fact sufficient to survive summary judgment with regards to their breach of contract claim.

Finally, the Bernfelds claim that US Airways is liable for violating the Israeli Aviation Services Law. US Airways, in response, argues that the Israeli Aviation Services Law is not enforceable in United States Courts. In order for a delay damages claim under a foreign statute to be actionable under a direct claim in the United States, the foreign law must provide for a cause of action in the United States or, at the minimum, set forth an enforcement regime that could be implemented by United States courts without violating principles of international comity. *See generally Volodarskiy v. Delta Airlines, Inc.*, 784 F.3d 349, 357 (7th Cir. 2015) (rejecting the argument that EU Regulation 261/2004 is enforceable via a civil action in the United States).

Having reviewed the full text of the Aviation Services Law, this Court finds nothing in it that would suggest that the law is intended to be judicially enforceable outside the courts of Israel or even that it is intended to create a private right of action. Instead, the Israeli Aviation Services Law appears to establish a regulatory scheme of passengers rights to be enforced through administrative actions, as evinced by the law's provisions that it is to be executed by the Minister of Transport, National Infrastructure, and Road Safety and that regulations under the law must be approved by the Economics Committee of the Knesset. (Dkt. 121-6). In response, the Bernfelds have not identified any domestic authorities applying the Aviation Services Law within the United States or any Israeli authorities recognizing the Act to create a private right of action. Accordingly, and in

---

[1] Even if the Montreal Convention had not been incorporated into the Contract of Carriage, the Contract of Carriage's delay provision separately provides that "the "Carrier shall not be liable if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage, or that it was impossible for them to avoid such measures." For the reasons previously stated, the Bernfelds have not established a dispute of material fact as to whether US Airways took all measures that could reasonably be required."

5

light of the Seventh Circuit's holding in *Volodarskiy,* this Court holds that the Israeli Aviation Services Law is not judicially enforceable in this Court.

**Conclusion**

For the foregoing reasons, US Airways Motion for Summary Judgment [118] is granted.

IT IS SO ORDERED.

Date:   April 20, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge